IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:13cr99 |
| | ) | |
| VICTOR F. WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

SENTENCING POSITION OF THE UNITED STATES

The United States of America, through its attorneys, Dana J. Boente, Acting United States Attorney, and Benjamin L. Hatch, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors.   The United States has no objections to the Presentence Investigation Report ("PSR").   The government respectfully recommends that the Court sentence the defendant to a sentence within the advisory sentencing guidelines range of 262 to 327 months imprisonment.

**I.    Motion**

The United States moves this Court, pursuant to U.S.S.G. §3E1.1(b), to grant an additional one-level reduction in the offense level for acceptance of responsibility.   The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

**II.    Background**

On August 9, 2013, the defendant was charged in a five-count Indictment.   Count One

charged the defendant with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(B)(ii).   Counts Two through Five charged the defendant with distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On September 17, 2013, the defendant pled guilty to Count One of the indictment.   In advance of the defendant's guilty plea, the United States filed an information pursuant to 21 U.S.C. § 851 noting one of the defendant's prior convictions for a felony drug offense.

**III.**   **Position on Sentencing and Argument**

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.   First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)).   In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

The government respectfully submits that consideration of all the Section 3553(a) factors weighs in favor of a sentence within the advisory sentencing guideline range of 262 to 327

months imprisonment.

Regarding the nature and circumstances of the offense, the defendant distributed significant amounts of cocaine over the course of several months.   He is attributed with 1,220 grams of cocaine for sentencing purposes.   PSR Worksheet A.   Upon his arrest, the defendant attempted to conceal the location of his residence from law enforcement.   PSR ¶ 6.   A subsequent search of his residence yielded $79, 106, and warrants executed on a safe deposit box and bank accounts associated with the defendant yielded another $23,518.   *Id.*

The defendant's criminal history reflects a basic disregard for the law and repeated returns to dealing narcotics.   The defendant's adult criminal history begins at age 18 when he was convicted of resisting arrest; he was also charged with possession of drug paraphernalia at that time though that charge was later dismissed.   PSR ¶ 20.   At age 19, the defendant possessed a controlled substance with intent to distribute.   He originally received probation for that offense, but later violated his probation and was sentenced to four years.   PSR ¶ 21.   At age 20, the defendant was again convicted of possession with intent to distribute controlled substances, along with several misdemeanor convictions, and he served 182 days.   PSR ¶ 22. At age 22, the defendant was twice convicted of distribution/possession with intent to distribute controlled substances on or near school property and resisting arrest.   PSR ¶¶ 23-24. Following those convictions, the defendant was imprisoned until September 25, 2005.   *Id.* Roughly six months after being released from prison, at age 27, the defendant committed the crime of possessing a firearm by a prohibited person.   The defendant was also charged at that time – though the charges were later dismissed – with aggravated assault and resisting arrest. PSR ¶ 25.   The defendant was sentenced to five year imprisonment.   Also at age 27, the

defendant sustained a separate conviction for possession of a controlled substance and was sentenced to five years imprisonment.   PSR ¶ 26.   He was released from custody on March 4, 2012.   *Id.*   The drug distribution that gave rise to the conviction in this case began by the fall of 2012 – again within the same year the defendant was released from prison.   PSR ¶¶ 1, 6, 9.

In summary, with the possible exception of age 21, it appears the defendant has committed at least one crime every year of his adult life that he was not actively incarcerated. And, excepting age 18 and possibly age 21, the defendant appears to have committed at least one felony drug offense every year of his adult life that he was not incarcerated.   As a result of these various crimes, the defendant has a total of 15 criminal history points, which would place him in Criminal History Category VI regardless of the Career Offender guideline.   His numerous encounters with the criminal justice system should have given him fair warning that further criminal conduct would result in stiff sanctions.

The defendant reports that he did have a difficult childhood, including times when he and his siblings were left home alone for days without food due to his mother's absence and her drug addiction.   PSR ¶ 37.   Upon moving to Virginia, the defendant was able to find at least part-time employment and worked for the period of January to April, 2013.   PSR ¶ 50.   This was apparently the first lawful employment the defendant has ever had.   PSR ¶ 52.   Rather than giving this lawful employment a meaningful chance, however, the defendant continued the very drug dealing that has resulted in him being imprisoned for at least nine years of his adult life.

The government respectfully submits that considerations of deterrence weigh in favor of a guideline sentence in this case.   As noted above, the defendant has committed serious drug

and firearm crimes almost every year of his adult life that he was not incarcerated.    And prior sentences of four and five years for his crimes obviously did not serve to deter the defendant as in each case he resumed drug dealing activity within a year of his release from prison.

For the foregoing reasons, the United States submits that a sentence within the advisory guideline range is appropriate.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By: _____/s/_____
Benjamin L. Hatch
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
E-Mail Address:   Benjamin.Hatch@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on the 3rd day of January, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification to the

following:

> James O. Broccoletti, Esq.
> 6663 Stoney Point South
> Norfolk, Virginia 23502
> Counsel to Defendant Victor F. Washington

                                             /s/
                              _____
                              Benjamin L. Hatch
                              Assistant United States Attorney
                              United States Attorney's Office
                              101 West Main Street, Suite 8000
                              Norfolk, VA 23510
                              Office Number: 757-441-6331
                              Facsimile Number: 757-441-6689
                              Email: Benjamin.Hatch@usdoj.gov